ALANA W. ROBINSON
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
ANDREW G. SCHOPLER
HELEN H. HONG
Assistant U.S. Attorneys
California Bar Nos. 236585 / 235635
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8068/6990
Email: Andrew.Schopler@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br>    aka Mr. A.,<br>    aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>    aka Ravi Singh,<br>ELECTIONMALL, INC. (3),<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>    aka Susu,<br>    aka Junior,<br><br>                Defendants. | Case No. 14CR0388-MMA<br><br>Date:  May 9, 2016<br>Time:  2:00 p.m.<br><br>**JOINT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT FROM APR. 18 TO JULY 12, 2016** |

The United States of America and the above-captioned defendants, who are on bond, jointly move to exclude the time from April 18, 2016, through July 12, 2016, from the Speedy Trial Act calculations because the ends of justice served by excluding time outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

The following facts support the requested time exclusion:

1.    On March 4, 2016, a second superseding indictment was filed, adding defendant Edward Susumo Azano Hester. Discovery in this case is already voluminous, Doc. No. 93, at 3, and the United States has provided additional discovery relating to the new counts and its ongoing investigation. This case involves significant factual and legal

complexity, as this Court has found in the past. Doc. No. 93, at 2-3. The second superseding indictment increases the number of counts charged from 26 to 39, as well as adding a new defendant. Thus, the case has only become more factually and legally complex. 18 U.S.C. §3161(h)(7)(B)(ii).

2. Mr. Azano Hester's counsel, in particular, representing a newly-indicted defendant, will need time to review the entirety of the discovery in order to prepare for pretrial motions and trial. All defense counsel, however, need time to analyze the second superseding indictment and the new discovery, in order to evaluate motions *in limine* and trial strategy.

3. The pretrial proceedings in this case are themselves complicated. Given the amount of pretrial publicity this case has received, additional time is required to ensure a fair trial, including consideration of the appropriate constitution of the jury venire, the empanelment of the petit jury, and the potential jury questionnaire.

In light of the foregoing facts, the parties move the Court to find that failure to exclude time would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant the time-exclusion would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(i), (ii), & (iv).

For these reasons, the parties move the Court to order that the time from April 18, 2016, through July 12, 2016, is excluded from the Speedy Trial Act calculations on the grounds that the ends of justice served by excluding time outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

//
//
//
//
//

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | ALANA W. ROBINSON<br>Attorney for the United States<br>Acting Under 28 U.S.C. § 515 |
| DATED: April 19, 2016 | /s/ *Andrew G. Schopler*<br>ANDREW G. SCHOPLER<br>HELEN H. HONG<br>Assistant U.S. Attorney |
| DATED: April 19, 2016 | /s/ *Michael J. Wynne*<br>MICHAEL J. WYNNE<br>Counsel for Mr. Azano Matsura (1) |
| DATED: April 19, 2016 | /s/ *Michael L. Lipman*<br>MICHAEL L. LIPMAN<br>KAREN L. ALEXANDER<br>Duane Morris LLP<br>Counsel for Mr. Singh (2) |
| DATED: April 19, 2016 | /s/ *Frank T. Vecchione*<br>FRANK T. VECCHIONE<br>Counsel for ElectionMall, Inc. (3) |
| DATED: April 19, 2016 | /s/ *Nancy B. Rosenfeld*<br>NANCY B. ROSENFELD<br>Counsel for Mr. Cortes (4) |
| DATED: April 19, 2016 | /s/ *Donald J. DeGabrielle*<br>DONALD J. DeGABRIELLE<br>RICHARD C. NORTON<br>Counsel for Mr. Azano Hester (5) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br>      aka Mr. A.,<br>      aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>      aka Ravi Singh,<br>ELECTIONMALL, INC. (3),<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>      aka Susu,<br>      aka Junior,<br><br>            Defendants. | Case No. 14CR0388-MMA<br><br><br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

- ■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

- ☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

- ☐ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

Executed on April 19, 2016.

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant U.S. Attorney