# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA (1), et al.,<br><br>Defendants. | Case No. 14CR0388-MMA<br><br>**ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT FROM APRIL 18 TO JULY 26, 2016**<br><br>[Doc. No. 284] |

Upon consideration of the parties' joint motion to exclude time under the Speedy Trial Act, this Court **FINDS**:

1. On March 4, 2016, a second superseding indictment was filed, adding defendant Edward Susumo Azano Hester. Discovery in this case is already voluminous, Doc. No. 93, at 3, and the United States has provided additional discovery relating to the new counts and its ongoing investigation. This case involves significant factual and legal complexity, as this Court has found in the past. Doc. No. 93, at 2-3. The second superseding indictment increases the number of counts charged from 26 to 39, as well as adding a new defendant. Thus, the case has only become more factually and legally complex. 18 U.S.C. §3161(h)(7)(B)(ii).

2. Mr. Azano Hester's counsel, in particular, representing a newly-indicted defendant, will need time to review the entirety of the discovery in order to prepare for

pretrial motions and trial. All defense counsel, however, need time to analyze the second superseding indictment and the new discovery, in order to evaluate motions *in limine* and trial strategy.

3. The pretrial proceedings in this case are themselves complicated. Given the amount of pretrial publicity this case has received, additional time is required to ensure a fair trial, including consideration of the appropriate constitution of the jury venire, the empanelment of the petit jury, and the potential jury questionnaire.

In light of the foregoing facts, the Court finds that failure to exclude time would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant the time-exclusion would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(i), (ii), & (iv).

**IT IS HEREBY ORDERED** that the time from April 18, 2016, through the date of trial on July 26, 2016, is excluded from the Speedy Trial Act calculations on the grounds that the ends of justice served by excluding time outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

**IT IS SO ORDERED**.

DATE: April 19, 2016

_____
HON. MICHAEL M. ANELLO
United States District Judge