**NANCY BRYN ROSENFELD**
California State Bar # 99108
444 West C Street, Ste. 210
San Diego, CA 92101-3818
Office: (619) 234-3616
Fax:    (619)234-0054
nrosenfeld11@gmail.com

Attorney for Defendant
**MARCO POLO CORTES**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. MICHAEL M. ANELLO)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. **14-CR-388 MMA** |
| Plaintiff, | **MOTION TO EXCLUDE EVIDENCE** |
| v. | **Rule 403, 404(b)** |
| **MARCO POLO CORTES (4)** | |

**TO:  ANDREW G. SCHOPLER, HELEN H. HONG, and MARK PLETCHER, ASSISTANT UNITED STATES ATTORNEYS:**

## MOTION TO EXCLUDE EVIDENCE

Defendant Marco Polo Cortes, by and through his counsel, Nancy B. Rosenfeld, moves to exclude evidence of alleged bad conduct and statements allegedly made by Marco Polo Cortes.

Counsel was notified on August 1, 2016 of the existence of this alleged evidence and has not been given FRE 404(b) notice.

1

## INTRODUCTION AND STATEMENT OF FACTS

Marla Marshall, Special Assistant to the San Diego County Sheriff, was interviewed by the government on July 19, 2016, one week before trial.  Ms. Marshall was first listed as a witness in the Government's trial brief.  The substance of the report of the July 19, 2016 interview would lead the reader to believe she was being called as a witness to discuss Ernie Encinas' desire to form a PAC for Bonnie Dumanis. A report was generated of that interview, was dated July 20, 2016 and was received in Discovery by email on July 25, 2016.

On July 31, 2016, government agents interviewed Marla Marshall again, presumably in preparation for trial.  A report of this new interview was provided to defense counsel in the evening on August 1, 2016.  The report states that at a meeting with Mr. Cortes on December 20, 2010, the following conversation occurred:

> "In response to Marshall's offer to contact fleet and find out information on the bidding process, Cortes told Marshall "you know how politics is.  If you help me, I can help you."  In addition, Cortes told Marshall "if you take care of me, I will take care of you."[1]

In addition, Ms. Marshall refers to Mr. Cortes as a "political hanger-onner".

She also refers to first meeting Mr. Cortes earlier in 2010 at a community event.  She points out that Mr. Cortes was wearing braces at the time.  The report states that Ms. Marshall recalled hearing that when Mr. Cortes was arrested in this case, that he was "hiding".

Ms. Marshall further states that after the alleged comments in the December, 2010 meeting, she was "flabbergasted" and sent Mr. Cortes out

---

[1] Report of 7.31.16 Interview of Marla Marshall.

of her office, telling staff that he was not welcome.

In effect, Ms. Marshall's new statements lead to an inference of some type of unknown reciprocation or quid pro quo. Mr. Cortes categorically denies having made the statement. He further denies ever implying or suggesting any such arrangement.

Additionally, Ms. Marshall's statements are demeaning and rude. Her opinion of Mr. Cortes as a "political hanger-oner" is not relevant, without foundation and inflammatory. This testimony disparages Mr. Cortes in a way that only bad character evidence does.

The information sought to be elicited would not be helpful or relevant to any of the issues relating to Mr. Cortes in this case.

## STATEMENT OF THE LAW

Federal Rule of Evidence (FRE) 403 states that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The court has "discretion to admit evidence that sheds light on disputed issues of fact at trial if the court balances the probative value of such evidence against its prejudicial effect." *United States v. Taylor*, 239 F.3d, 994, 999 (9th Cir. 2001).

Even if such evidence were relevant, the danger of unfair prejudice, confusion of the issues, misleading the jury, or undue delay would outweigh any probative value.

Federal Rule of Evidence 404(b) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character," and that such evidence is only admissible for the purposes such as to prove the

3

defendant's "motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

The 9th Circuit has employed a 4-part test for the application of Rule 404(b): evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and, (4) in cases where knowledge and intent are at issue the act is similar to the offense charged." *United States v. Mayans*, 17 F.3d 1174 (9th cir. 1994), *citing Garcia-Orozco*, (9th Cir. 1993)  997 F.2d 1302 at 1304  (citing *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir.) *cert. denied,* 501 U.S. 1234, 1 (1991).

With respect to the first prong of the four-prong test – relevance – the government must "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.*" United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).   Evidence of the statements attributed to Mr. Cortes is not relevant to the charges in this case, none of which relate to quid pro quo as to Mr. Cortes.

Regarding the fourth prong – similarity- the court in *Bibo-Rodriguez* found that similarity is "necessary to indicate knowledge and intent."

There is no similarity between the statement regarding any quid pro quo and the charges in this case, as none of the charges relating to Mr. Cortes relate to a quid pro quo.  There is no evidence of Mr. Cortes expecting any type of favor, for any reason, from any elected official or city, county, state, or federal official.

With respect to the third prong, the evidence which Mr. Cortes seeks to exclude is not sufficient to support a finding that defendant committed the other act, as the two are completely unrelated types of acts.

This Court is tasked with permitting only evidence that will try Mr.

4

Cortes based on what he allegedly did regarding campaign violations in this case, not who he is – or who he may have been perceived to be:

> "…extrinsic acts evidence is not looked upon with favor.  We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is.  Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing."
> *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir.1993)

## ADMISSION OF THIS EVIDENCE WILL REQUIRE A TRIAL ON THE ISSUE OF WHETHER MR. CORTES ATTEMPTED TO BRIBE OR INFLUENCE A PUBLIC OFFICIAL

According to witness Marshall, at the time of the alleged statements, Mr. Cortes was requesting information on the bidding process for a potential client who manufactured bulletproofed panels for vehicles.

Ms. Marshall did not characterize the meeting with Mr. Cortes, as a lobbying event, however she implied that it was.  The question of whether it was a lobbying event would require counsel for Mr. Cortes to present evidence of the specific lobbying regulations and rules for this agency.  It would further require evidence of several email chains, calendars, and other possible evidence. It could also require testimony of additional witnesses who either heard or heard of the event.

The admission of this evidence is not relevant under Federal Rule of Evidence 401 or 402. Even if arguably relevant and could pass 404(b) muster, this evidence should be excluded under FRE

403 as any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, undue delay and undue consumption and wasting of time.

**CONCLUSION**

For these reasons and any additional reasons which may appear at the hearing on this matter, Mr. Cortes, through counsel, respectfully requests that the Court find that this evidence must be excluded.

Respectfully submitted,

Dated: August 2, 2016          */s/ Nancy Bryn Rosenfeld*
Nancy Bryn Rosenfeld
Attorney for Defendant

MARCO POLO CORTES

6