BLAIR C. PEREZ
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
ANDREW G. SCHOPLER, CASB# 236585
MARK W. PLETCHER, Colorado State Bar No. 034615
HELEN H. HONG, CASB# 235635
Assistant U.S. Attorneys
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8068/9714/6990
Email: helen.hong@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | Case No. 14CR0388-MMA |
|---|---|
| v. | |
| JOSE SUSUMO AZANO MATSURA (1),<br>    aka Mr. A.,<br>    aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>    aka Ravi Singh,<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>    aka Susu,<br>    aka Junior, | **UNITED STATES' MEMORANDUM TO SUPPORT ADMISSION OF EXCERPTED CALLS AND PRECLUDE DEFENDANTS' PROPOSED ADDITIONS** |
| Defendants. | |

# I

# ARGUMENT

The United States provided this court with two short excerpts of a video-recorded meeting that the United States intends to introduce during the testimony of Ed Clancy. At approximately 10:00 p.m. on August 10, 2016, the defendants identified nearly 20 additional excerpts that they seek to admit, invoking Federal Rule of Evidence 106. The United States opposes the request. Not one of the proposed additions falls under the scope of Rule 106 and the defendants' proposals are otherwise inadmissible as self-serving hearsay.

Federal Rule of Evidence 106 partially codifies the common law "rule of completeness."[1] *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). Rule 106 provides that:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

The rule "is based on two considerations." Fed. R. Evid. 106, Advisory Comm. Notes. "The first is the misleading impression created by taking matters out of context." *Id.* The second is about timing: given "the inadequacy of repair work when delayed to a point later in trial," Rule 106 permits the introduction of clarifying statements at the time that the initial excerpts are admitted.

Rule 106 does not require "the introduction of any unedited [] statement merely because an adverse party has introduced an edited version." *United States v. Vallejos*, 742 F.3d 902 (9th Cir. 2014). It is "perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). Rule 106 "will not be applied to admit the full statement," unless the complete statement corrects a misleading impression in an edited statement taken out of context. *Vallejos*, 742 F.3d at 905. In short, Rule 106 is designed to avoid "misunderstanding or distortion" caused by introducing a "misleadingly tailored snippet" of a statement. *Collicott*, 92 F.3d at 983; see also *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996) ("Although different circuits have elaborated Rule 106's 'fairness' standard in different ways, . . . common to all is the

---

[1] It only partially codifies the rule because it does not cover oral statements.

requirement that the omitted portion be relevant and 'necessary to qualify, explain, or place into context the portion already introduced.'").

Neither excerpt that the United States has proposed sows misunderstanding or is cleaved of context. The United States will elicit from the testifying witness, Ed Clancy, that he recorded multiple conversations with one or more of the defendants. The jury will then hear two brief excerpts from a conversation that occurred on August 28, 2013, among Clancy, Encinas and Cortes, that relates to their knowledge that Azano is a foreign national and that a "third party" paid for Singh's services.

The first excerpt is 59 seconds in length, and involves an exchange between Clancy and Encinas. They are discussing whether to back Nathan Fletcher during the special election and offer Azano's money to support him. When Clancy tells Encinas that Fletcher runs a "clean" campaign, he asks Encinas what Encinas would tell Fletcher about the money he proposed to inject into the campaign. Encinas responds "Uh, and I'm gonna say, you know, if you become mayor, yeah, we got foreign money can come your way, unbelievable money, you know." See Ex. 1 at 6:22-8:15.

The second clip is approximately one minute long. In that clip, Encinas and Cortes tell Clancy that Mr. A is "Mexican," and then state that Ravi was paid by a "third party." *Id.* at 11:1-12:1

Neither excerpt is a "misleadingly tailored snippet" that distorts the meaning of the conversation. Nothing said before or after those excerpts tends to qualify, explain, or place the substance of the calls into context. They stand alone. Because there is no "misleading impression created by taking matters out of context," Rule 106 simply does not apply. Fed. R. Evid. 106, Advisory Comm. Notes; *United States v. Bollin*, 264 F.3d

391, 414 (4th Cir. 2001) ("[T]he court need only admit the portions that are necessary to clarify or explain the portion of the testimony already admitted.").

The defendants' proposed additions demonstrate that their complaint is not that the excerpts are confusing or taken out of context. Instead, they seek to use Rule 106 as an opportunity to introduce various excerpts—from four separate recorded conversations—that are wholly unrelated to the excerpts that the United States has proposed. This is an improper attempt to introduce self-serving (and otherwise inadmissible) self-serving hearsay. But as the Ninth Circuit has repeatedly explained, Rule 106 is not a vehicle to admit inadmissible evidence. *Collicott*, 92 F.3d at 983 ("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence.").

Every single excerpt that the defendants now propose is an unrelated excerpt containing hearsay about Encinas's designs and plans. Nothing in the proposed additions bears on whether the money that Encinas offers is from a foreign national, as Clip 1 demonstrates, or whether the defendants knew that Azano is a Mexican, as Clip 2 demonstrates, or whether the defendants knew that a third party paid for Ravi's services, as Clip 2 demonstrates. The defendants propose:

- 8/28/2013 at 3:4-10 (Attached as Exhibit 1)
    - Ernie Encinas states "I'm not yet committed either way, you know? It's just who I think is gonna win. . . . And who's, not, . . . now not who's only gonna win but who's gonna help out our cause. That's the main thing."
    - Defendants presumably seek this clip to show that Encinas has an interest in personally "commit[ing]" to a new mayor. That is presumably to advance their theory that Encinas had an interest in the election, and not the defendants. Indeed, defendant Cortes seeks an additional edit, omitting the

4

term "our" from "our cause." But whether Encinas had a personal stake in the election has no bearing on what is contained in Clips 1 and 2.

- 8/28/2013 at 18:15-19:26 (Ex. 1)
    - This excerpt involves Encinas's description of how Azano was angry with Filner for blowing off a meeting with him. When Clancy asks "what do you think in the long term that Mister A wants? You know, whether it's Nathan or Carl," Encinas responds that "Mister A, like I said, he'll go with who I kinda push him towards." When Clancy asks "what's he want to get out of it," Encinas stated "Um, not that much really, I . .. I think he just wants to pick another winner. Say I . . see that mayor? I got him elected." Encinas continues that "it's all ego with him. Uh, of course, he wants to do some major developments." This does not clarify or explain Clips 1 or 2.
- 8/28/2013 at 22:13-23:4 (Ex. 1)
    - Encinas discusses needing to know whether Nathan Fletcher "will play ball" and whether he will be "down, down there somewhere in the back," or whether he can have influence and "shoot up to the top." This does not clarify or explain Clips 1 or 2.
- 8/28/2013 at 34:8-11(Ex. 1)
    - Encinas states that he "don't wanna be the top, but I want to be able to, you know, how do I put it, be, uh, accessible to him, you know?" This does not clarify or explain Clips 1 or 2.
- 9/5/2013 at 30:17-31:14 (Ex. 2)
    - Encinas and Clancy discuss Azano's interest in supporting Nathan Fletcher for mayor. Encinas earlier describes why Azano wants "friendship" in the

5

mayor's office, and how "Like I said he…he was…he was…he'd want you to show you his…his plans, and here's what I wanna do, blah, blah, if I get this project here's what I wanna show you, you know." In the proposed excerpt, Encinas also states that Azano got "nothing" from Vargas and that "this is all for me. You know, he just wants to know someone." This does not clarify or explain Clips 1 or 2.

- 9/5/2013 at 34:18-25 (Exhibit 2)
  - Encinas says in supporting Nathan Fletcher, he would start a PAC, and "get money from Mr. A." This does not clarify or explain Clips 1 or 2.
- 9/5/2013 at 37:8-24 (Exhibit 2)
  - Encinas discusses forming an "IE" and "breaking" off communication with the Dumanis campaign. This does not clarify or explain Clips 1 or 2.
- 9/5/2013 at 43:5-44:18 (Exhibit 2)
  - Encinas states that he did not seek a job from the Filner campaign. This does not clarify or explain Clips 1 or 2.
- 9/5/2013 at 62:14-24 (Exhibit 2)
  - Encinas states that "Bob" met with him to pacify him. This does not clarify or explain Clips 1 or 2.
- 9/10/2013 at 2:25-3:1 (Exhibit 3)
  - Encinas tells Clancy that Azano was "ripped" off and that he is "pissed off at the world right now." This does not clarify or explain Clips 1 or 2.
- 9/10/2013 at 10:26-11:2 (Exhibit 3)
  - Encinas describes "shooting" money through different independent expenditure committees. This does not clarify or explain Clips 1 or 2.

6

- 9/10/2013 at 12:1-4 (Exhibit 3)
    - Encinas describes "layering" to conceal the genesis of funds, and how "I mean someone's gonna find it and it's…it's a paper trail, you gotta…you gotta find it." This does not clarify or explain Clips 1 or 2.
- 9/10/2013 at 18:2-10 (Exhibit 3)
    - Encinas discusses forming an independent expenditure committed for Kevin Faulconer. This does not clarify or explain Clips 1 or 2.
- 9/10/2013 at 12:23-23:10 (Exhibit 3)
    - Encinas states that he does not know whether Azano would talk to Flethcer. This does not clarify or explain Clips 1 or 2.
- 9/18/2013 at 5:24-7:24 (Exhibit 4)
    - Encinas discusses wanting influence so he could name a new chief of police; and talks about bringing in "a guru" to help with Fletcher's social media campaign. This does not clarify or explain Clips 1 or 2.
- 9/18/2013 at 20:15-28 (Exhibit 4)
    - Encinas discusses whether Azano would back Fletcher and meet him. This does not clarify or explain Clips 1 or 2.
- 9/18/2013 at 27:11-28:26 (Exhibit 4)
    - Encinas discusses how he wants Fletcher to promise that Azano would get to continue to help rebuilding the city and bring foreign investors to the city from the middle east or Brazil. This does not clarify or explain Clips 1 or 2.

Not one of these clips informs the issues identified in the United States's excerpts.

Defendants will likely claim that their proposed additions contain "exculpatory" testimony about Encinas's role in the conspiracy. That is not so. But even if that were

true, "[t]he fact that some of the omitted testimony arguably was exculpatory does not, without more, make it admissible under the rule of completeness." *Bollin*, 264 F.3d at 414; *Branch*, 91 F.3d at 728 ("We do not doubt the exculpatory nature of the excluded statement, but that does not require its admission under Rule 106."); *Unites States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (Rule 106 does not "require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party.").

Defendants have no evidentiary basis to admit self-serving hearsay at trial. *United States v. Lopez-Figueroa*, 316 F. App'x 548, 549-50 (9th Cir. 2008) (unpublished) ("Moreover, any exculpatory statements by Lopez-Figueroa were hearsay and were therefore not admissible notwithstanding Rule 106."); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (holding that notwithstanding the rule of completeness, "exclusion of [the defendant's] exculpatory statements was proper because these statements would still have constituted inadmissible hearsay" and noting that if the district court had allowed those statements, the defendant "would have been able to place his exculpatory statements before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids" (internal quotation marks and citation omitted)). They cannot avoid that rule by identifying unrelated excerpts and claiming that they are admissible under Rule 106.

## II
## <u>CONCLUSION</u>

For the foregoing reasons, this Court should admit the United States's proposed excerpts and exclude the defendants' propose additions.

DATED: August 11, 2016                Respectfully submitted,

BLAIR C. PEREZ
Attorney for the United States
Acting Under 28 U.S.C. § 515

/s/ *Helen H. Hong*
ANDREW G. SCHOPLER
MARK W. PLETCHER
HELEN H. HONG
Assistant U.S. Attorneys

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE SUSUMO AZANO MATSURA (1),<br>    aka Mr. A.,<br>    aka Mr. Lambo,<br>RAVNEET SINGH (2),<br>    aka Ravi Singh,<br>ELECTIONMALL, INC. (3),<br>MARCO POLO CORTES (4),<br>EDWARD SUSUMO AZANO HESTER (5),<br>    aka Susu,<br>    aka Junior,<br><br>            Defendants. | Case No. 14CR0388-MMA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

- ■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

- ☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

- ☐ causing the foregoing to be mailed by first class mail to the following non-ECF participant at the last known address, at which place there is delivery service of mail from the United States Postal Service:

Executed on August 11, 2016.

/s/ *Helen H. Hong*
HELEN H. HONG
Assistant U.S. Attorney